EPHRAIM BAILEY v. LEWIS GATEWOOD.

**No. 13,367.**   (74 Pac. 1117.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Departure.* A departure between pleadings and proof is not disclosed merely because the proof of essential allegations is not extended to cover unnecessary averments made in connection with them.

2. ———— *Instruction Conclusive.* When no exception is taken to an instruction to the jury it is conclusive upon the subject to which it relates.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed January 9, 1904.   Affirmed.

*W. A. Snook,* and *L. F. Bird,* for plaintiff in error.
*William B. Sutton,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: A laborer in a sand-pit was injured by
the caving of a bank under which he was working.
He sued his employer for the damages he sustained,
alleging, among other things, that he was put under
the direction and control of a foreman who told him
there was no danger in working in the sand-pit if he,
the foreman, kept watch of it and gave timely warn-
ing of the indications of a cave, and that he would do
so; that the foreman did not keep watch, but went
away, and that if he had kept watch he would have
seen the indications of a cave in time to warn plaintiff,
who would not then have been injured.

On the trial the plaintiff proved that the foreman
promised he would keep watch of the bank and give
the plaintiff timely warning of indications of a cave;
that the foreman did not keep watch and gave no
warning; and that if the foreman had kept watch he
would have seen the indications of a cave soon enough
to give plaintiff warning, and an opportunity to get
out of danger. The plaintiff failed to prove that the
foreman said there was no danger if he kept watch,
and failed to prove that the foreman went away. The
defendant claims a departure between the pleadings
and the proof.

The case is not one of departure. The plaintiff
simply did not extend his proof to all the averments
of his petition. The matters omitted from the proof
need not have been alleged. The allegations which
were proved were sufficient upon the branch of the
case to which they referred, and under the facts the

Bailey v. Gatewood.

failure to go beyond them could not affect the plaintiff's right to recover.

The defendant further claims that the foreman was not shown to be negligent in discovering indications of a cave. In this contention he overlooks the testimony of the plaintiff and one of his witnesses that a man occupying the place in the pit where the foreman worked could tell when a cave was about to occur by the cracking of the bank and its leaning toward him, and that the indications of a cave were discoverable in time to give warning so that a man in the pit could get out of harm's way.

The defendant further claims that the evidence shows that the plaintiff assumed the risk of a cave, and cannot, therefore, recover. On this subject the court instructed the jury in effect that the risk was not assumed if the foreman promised to protect plaintiff by warning or otherwise and failed to carry out his promise to that effect. No exception was taken to this instruction, and when applied to the evidence it warranted the verdict returned. Under these circumstances the instruction to the jury is conclusive.

The judgment of the district court is affirmed.

All the Justices concurring.